ROBERTA L. STEELE, SBN 188198 (CA)
MARCIA L. MITCHELL, SBN 18122 (WA)
RAYMOND T. CHEUNG, SBN 176086 (CA)
U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
San Francisco District Office
450 Golden Gate Avenue, 5th Floor West
P.O. Box 36025
San Francisco, CA 94102-3661
Telephone No. (415) 522-3157
Facsimile No. (415) 522-3425
Raymond.Cheung@eeoc.gov

*Attorneys for Plaintiff EEOC*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DEVISION

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | Case No.: |
| Plaintiff, | **COMPLAINT** |
| vs. | **CIVIL RIGHTS – EMPLOYMENT DISCRIMINATION** |
| R. MACARTHUR CORP., d/b/a/ HOME INSTEAD SENIOR CARE, | **JURY TRIAL DEMAND** |
| Defendant. | |

## NATURE OF THE ACTION

The United States Equal Employment Opportunity Commission brings this action under Title VII of the Civil Rights Act of 1964, as amended, and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex, the intersection of sex and race and retaliation, and to provide appropriate relief to Charging Party Rashon Sturdivant and similarly situated current and former employees including Lakeshia Thomas, Gloria Fields, April Taylor, Bernadette Hunsaker and others who were also adversely affected by such practices.   As alleged with greater particularity below, Defendant R. MACARTHUR CORP., d/b/a/ HOME INSTEAD

SENIOR CARE engaged in unlawful discrimination by:

    a)    subjecting Rashon Sturdivant, Lakeshia Thomas, Gloria Fields, April Taylor and Bernadette Hunsaker to sexual harassment in violation of Title VII;

    b)    subjecting a class of similarly situated current or former employees to sexual harassment in violation of Title VII;

    c)    subjecting Rashon Sturdivant, Lakeshia Thomas and Gloria Fields to harassment based on the intersection their sex and race (Black) in violation of Title VII;

    d)    subjecting a class of similarly situated current or former employees to harassment based on the intersection of their sex and race (Black) in violation of Title VII;

    e)    retaliating against Rashon Sturdivant in violation of Title VII because she engaged in protected oppositional activity by reporting sexual and racial harassment.

## JURISDICTION AND VENUE

1.    Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended (Title VII), 42 U.S.C. §2000e-5(f)(1) and (3), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.    Venue is proper in the United States District Court for the Northern District of California because the alleged unlawful employment practices were committed within Alameda and San Leandro, California.

## INTRADISTRICT ASSIGNMENT

3.    This action is appropriate for assignment to the San Francisco/Oakland Divisions of this Court because the unlawful employment practices alleged were committed within Alameda County, which is within the jurisdiction of the San Francisco/Oakland Divisions.

/ / /

/ / /

**PARTIES**

4.      Plaintiff  UNITED STATES EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION (EEOC) is the agency of the United States of America charged with the
administration, interpretation, and enforcement of Title VII, 42 U.S.C. §2000e-5(f)(1) and (3).

5.      At all relevant times, Defendant R. MACARTHUR CORP. (RMC) has continuously
been a California corporation doing business in the State of California and Alameda County, and has
continuously had at least 15 employees.

6.      At all relevant times, Defendant has continuously been an employer engaged in an
industry affecting commerce, within the meaning of Sections 701(b), (g) and (h) of Title VII, 42
U.S.C. §§ 2000e(b), (g) and (h).

**ADMINISTRATIVE PROCEDURES**

7.      More than thirty days prior to the institution of this lawsuit, Rashon Sturdivant filed a
timely charge with EEOC alleging that Defendant violated Title VII.

8.      On December 2, 2016, EEOC issued to Defendant a Determination for Rashon
Sturdivant's charge finding reasonable cause to believe that RMC violated Title VII by subjecting
Sturdivant and a class of similarly situated individuals to sexual harassment and by retaliating
against Sturdivant.  EEOC invited Defendant to join with EEOC in informal methods of conciliation
to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

9.      On January 17, 2017, EEOC sent Defendant a conciliation proposal outlining the
terms for resolving Sturdivant's charge and the claims described in the Determination referenced in
Paragraph 8, above.

10.     On March 1, 2017, EEOC convened an in-person conciliation conference with
Defendant's authorized representative and counsel, as well as Rashon Sturdivant and her counsel.
During this conference, the parties engaged in conciliation negotiations.

11.     On June 16, 2017, EEOC issued to Defendant a revised Determination for Rashon
Sturdivant's charge finding reasonable cause to believe that RMC violated Title VII by subjecting
Sturdivant and a class of similarly situated individuals to sexual harassment, by subjecting

1  Sturdivant and a class of similarly situated individuals to harassment based on the intersection of

2  their sex and race, and by retaliating against Sturdivant.  EEOC reinitiated conciliation negotiations

3  with Defendant.

4         12.     EEOC was unable to secure from Defendant a conciliation agreement acceptable to

5  the EEOC.

6         13.     By letter dated July 7, 2017, EEOC notified Defendant that EEOC had determined

7  that efforts to conciliate the charge were unsuccessful and that further conciliation would be futile or

8  non-productive. The letter also informed Defendant that EEOC would not make any further efforts

9  to conciliate the charge.

10        14.     All conditions precedent to the institution of this lawsuit have been fulfilled.

11

12                              **STATEMENT OF CLAIMS**

13                              **Sexual Harassment Claims**

14        15.     Defendant RMC is an independently owned franchise of Home Instead Senior Care.

15  From its San Leandro office, RMC assigns its employees (caregivers) to provide in-home care to

16  clients in Alameda County.  Caregiver job duties include, inter alia, bathing the clients, providing the

17  clients with toilet-related assistance, changing the clients' bedclothes and undergarments, moving

18  non-ambulatory clients, and providing the clients with companionship.

19        16.     Charging Party Rashon Sturdivant and claimants Lakeshia Thomas, Gloria Fields,

20  April Taylor, Bernadette Hunsaker, and other similarly situated aggrieved current or former

21  employees all work or worked for Defendant as caregivers, assigned to Defendant's client R.F.  – an

22  80-year old client who resided in Alameda, California  –  from January 2014 through approximately

23  June 2016 (collectively, Aggrieved Employees).

24        17.     Beginning in at least January 2014 and continuing through approximately June 2016,

25  Defendant engaged in unlawful employment practices in violation of Section 703(a)(1) of Title VII,

26  42 U.S.C. §2000e-2(a)(1). Defendant's unlawful practice, which occurred on a regular basis,

27  included subjecting the Aggrieved Employees to unwelcome, severe or pervasive conduct based on

28  their sex (female) which created an offensive, abusive, intimidating, and hostile work environment.

18.     Beginning in at least January 2014 and continuing through approximately June 2016, Defendant assigned the Aggrieved Employees to provide care to R.F.  R.F. continuously subjected them to harassment on the basis of their sex. The harassment included both verbal and physical acts, as set forth below in Paragraphs 22, 24, 26, 28, 29, 30, 31, 32 and 34.

19.     Rashon Sturdivant and other similarly situated caregivers repeatedly reported the offensive sexual acts to Defendant, as set forth below in Paragraphs 25, 27, 30, 33 and 35.

20.     Despite having actual and constructive notice of the harassment described herein, Defendant failed and refused to take prompt and appropriate action to halt the harassment and the resulting hostile work environment. The hostile work environment persisted until R.F.'s death in June 2016.

**Rashon Sturdivant**

21.     Rashon Sturdivant, a Black woman who has worked in the caregiving field for approximately fifteen years, began working as a caregiver for Defendant in January 2014.  Between March 2015 and May 2015, RMC assigned Sturdivant to provide part-time caregiving services to R.F. in his private home where he resided with his wife.

22.     R.F. immediately began making unwanted sexually offensive comments toward Sturdivant. Such verbal acts included but were not limited to: (1) asking Sturdivant to touch his penis; (2) asking her to give him a "blowjob"; (3) making lewd comments about her breasts and buttocks; (4) inviting her to have a "threesome" with him and his wife; and (5) asking Sturdivant to rub ice cream on her nipples. Sturdivant suffered these and similar acts on nearly a daily basis.

23.     R.F. also began making unwanted comments toward Sturdivant that she deemed both racially and sexually offensive.  These comments included but were not limited to: (1) referring to her as "brown sugar"; (2) calling her a "pretty dark one"; (3) commenting on her "black butt"; and (4) telling her about his previous sexual relationships with Black women.  Sturdivant suffered these and similar comments on nearly a daily basis.

24.     R.F.'s acts escalated to unwanted touching and sexual gestures.  His physical acts included but were not limited to: (1) grabbing Sturdivant's breasts; (2) grabbing her buttocks; (3) touching his penis or masturbating when she entered his room; (4) touching his penis or

1    masturbating when she bathed him; and (5) rubbing his nipples when she entered the room.

2    Sturdivant suffered these acts on nearly a daily basis.

3           25.     Between March and May 2015, Sturdivant complained about the hostile environment

4    at the R.F. residence by leaving voicemail messages when she clocked out of her shift, by

5    complaining directly to Defendant's Staffing Coordinators and by logging incidents in a book

6    Defendant used to track services it provided to R.F.  Defendant failed and refused to take prompt and

7    appropriate corrective action.

8                                    **Lakeshia Thomas**

9           26.     Lakeshia Thomas, a Black woman, worked as a caregiver for Defendant.  RMC

10   assigned her to provide part-time caregiving services to R.F. from approximately mid-2014 through

11   mid-2015.  During this period, R.F. constantly directed unwanted sexually offensive verbal and

12   physical acts towards Thomas. Such acts included but were not limited to: (1) rubbing his nipples

13   and asking her to rub his nipples; (2) asking her if she would accept money for sex; (3) telling

14   Thomas that he liked "big, Black women"; and (3) telling her that he liked her breasts.  Thomas

15   suffered these acts on nearly a daily basis.

16          27.      Thomas reported R.F.'s behavior to Defendant.  RMC failed and refused to take

17   prompt and appropriate corrective action.

18                                     **Gloria Fields**

19          28.     Gloria Fields, a Black woman, worked as a caregiver for Defendant. RMC assigned

20   her to provide part-time caregiving services to R.F. in 2015.  R.F. engaged in unwelcome verbal

21   comments that included but were not limited to: (1) telling Fields he liked Black women; (2)

22   regularly commenting on her breasts and buttocks; and (3) asking about her sex life.  Fields suffered

23   these unwanted acts on a weekly basis.

24          29.     In addition, R.F. engaged in unwelcome physical sexual acts that included grabbing

25   Fields' breasts and otherwise groping her.  Fields suffered these unwanted acts on a weekly basis.

26          30.      Fields reported R.F.'s behavior to Defendant.  RMC failed and refused to take

27   appropriate corrective action.

28

**April Taylor**

31.     April Taylor worked as a caregiver for Defendant.  RMC assigned her to provide caregiving services to R.F. in late 2015.  R.F. engaged in unwelcome verbal sexual acts that included but were not limited to: (1) asking Taylor to stroke his penis when she bathed him; (2) asking her to get into bed with him when she changed his sheets; and (3) asking to touch her breasts and buttocks.  R.F. directed this conduct toward Taylor almost daily during the course of her assignment to R.F.

32.     In addition, R.F. engaged in unwelcome physical sexual acts that included: (1) groping Taylor's breasts; and (2) groping Taylor's buttocks.  Taylor suffered this almost daily during the course of her assignment to R.F.

33.      Taylor complained to Defendant regarding R.F.  Defendant failed and refused to take prompt and appropriate corrective action.

**Bernadette Hunsaker**

34.     Bernadette Hunsaker worked as a caregiver for Defendant.  RMC assigned her to provide caregiving services to R.F. in early 2016.  R.F. engaged in unwelcome sexual acts that included groping Hunsaker's breasts and buttocks.  Hunsaker suffered such groping on nearly a daily basis.

35.     Hunsaker complained to Defendant regarding Follrath.  RMC failed and refused to take appropriate corrective action.

36.     The effect of the practices complained of in Paragraphs 15 through 35 above has been to deprive the Aggrieved Employees of equal employment opportunities and otherwise adversely affect their status as employees because of their sex, female.

37.     The unlawful employment practice complained of in Paragraphs 15 through 35 were done with malice or in reckless indifference to the federally protected rights of the Aggrieved Employees.

**<u>Intersectional Harassment Claims</u>**

38.     Plaintiff EEOC hereby incorporates the allegations of Paragraph 7 through 35 as though fully set forth herein.

39.     Beginning in at least July 2014 and continuing through approximately June 2016,

1  Defendant engaged in unlawful employment practices in violation of Section 703(a)(1) of Title VII,

2  42 U.S.C. §2000e-2(a)(1).  Defendant's unlawful practices, which occurred on a regular basis,

3  included subjecting Rashon Sturdivant, Lakeshia Thomas, Gloria Fields and other similarly situated

4  claimants to harassment based on the intersection of their sex and race, Black.

5       40.    From approximately 2014 through June 2016 RMC's Alameda client R.F. created a

6  hostile work environment for Black, female caregivers based on the intersection of their sex and

7  race. The behavior to which R.F. subjected the claimants is set forth in Paragraphs 21, 22, 23, 24, 26,

8  28 and 29, above.

9       41.    Defendant had actual or constructive notice of the racially and sexually offensive

10  environment created by its client R.F.   Defendant failed and refused to take prompt and appropriate

11  corrective action.

12       42.    The effect of the practices complained of in Paragraphs 38 through 41 above has been

13  to deprive Rashon Sturdivant, Lakeshia Thomas, Gloria Fields and similarly situated claimants of

14  equal employment opportunities and otherwise adversely affect their status as employees based on

15  the intersection of their sex and race, Black female.

16       43.    The unlawful employment practices complained of in Paragraphs 38 through 41 were

17  done with malice or in reckless indifference to the federally protected rights of Rashon Sturdivant

18  and similarly situated claimants.

19  **Retaliation Claim**

20       44.    The EEOC hereby incorporates the allegations of Paragraphs 7 through 25 and 39

21  through 41 as though fully set forth herein.

22       45.    From May 2015 to the present, Defendant engaged in unlawful employment practice

23  in violation of Section 704(a) of Title VII, 42 U.S.C. §2000e-3(a), by taking adverse employment

24  actions against Rashon Sturdivant because she engaged in protected activity by repeatedly reporting

25  incidents of sexual and/or racial harassment to Defendant.

26       46.    On or about May 8, 2015, after Defendant failed to respond meaningfully to Sturdivant's

27  repeated harassment complaints, Sturdivant requested reassignment to another client.  Sturdivant

28  called the RMC office repeatedly – leaving voicemail messages reiterating her complaints and

1    requesting reassignment. Defendant did not respond to these messages.

2        47.     Sturdivant finally spoke to Defendant's Staffing Coordinators in mid-May 2015,

3    approximately a week later. Defendant did not reassign her at that time.

4        48.     Sturdivant again called on or about May 18, 2015 to request an assignment.  She

5    spoke to Defendant's Staffing Coordinator and/or Operations Manager, who told her RMC had part-

6    time assignments available, but did not offer her an assignment.

7        49.     Shortly thereafter, Sturdivant spoke directly by telephone to RMC owner, Renee

8    MacArthur.  This time, MacArthur suggested Sturdivant should apply for work with another

9    caregiver facility, with which Defendant had no direct affiliation.  MacArthur offered no further

10   information or assistance.

11       50.     Sturdivant worked as a caregiver for seven or eight of Defendant's clients before

12   being assigned to R.F.  Defendant always found new placements for Sturdivant when those

13   assignments ended.  After she complained about R.F., Defendant refused to reassign her.

14       51.     Defendant took the adverse actions described in Paragraphs 45 through 50 above, in

15   retaliation for Sturdivant's opposition to harassment at R.F.'s residence.

16       52.     The effect of the actions complained of in Paragraphs 45 through 50 above has been

17   to deprive Sturdivant of equal employment opportunities and to otherwise adversely affect her status

18   as an employee because she engaged in statutorily protected activities.

19       53.     The unlawful employment practices complained of in Paragraphs 45 through 50

20   above were intentional.

21       54.     The unlawful employment practices complained of in Paragraphs 45 through 50

22   above were done with malice or in reckless indifference to the federally protected rights of Rashon

23   Sturdivant.

24

25                          **PRAYER FOR RELIEF**

26        Wherefore, Plaintiff EEOC respectfully requests that this Court:

27        A.      Grant a permanent injunction enjoining Defendant, their officers, agents, servants,

28   employees, attorneys, successors, and all persons in active concert or participation with them, from

1     creating, failing to prevent and failing to promptly correct an offensive, abusive, intimidating, and

2     hostile work environment on the basis of sex and/or race and engaging in any other employment

3     practice that discriminates on the basis of sex and/or race; and/or from engaging in unlawful

4     retaliation for engaging in protected activity.

5            B.      Order Defendant to institute and carry out policies, practices, and programs which

6     provide equal employment opportunities for women and Black women, and which eradicate the

7     effects of its past and present unlawful employment practices.

8            C.      Order Defendant to make whole the Aggrieved Employees by providing appropriate

9     backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief

10     necessary to eradicate the effects of their unlawful employment practices, including but not limited

11     to reinstatement.

12            D.      Order Defendant to make whole the Aggrieved Employees by providing

13     compensation for past and future pecuniary losses resulting from the unlawful employment practices

14     described above, including job search expenses and medical expenses, in amounts to be determined

15     at trial.

16            E.      Order Defendant to make whole the Aggrieved Employees by providing

17     compensation for past and future nonpecuniary losses resulting from the unlawful practices

18     complained of in above, including inconvenience, pain and suffering, loss of enjoyment of life,

19     anxiety, stress, and humiliation, in amounts to be determined at trial.

20            F.      Order Defendant to pay the Aggrieved Employees punitive damages for its malicious

21     and reckless conduct, as described above, in amounts to be determined at trial.

22            G.      Grant such further relief as the Court deems necessary and proper in the public

23     interest.

24            H.      Award Plaintiff EEOC its costs of this action.

25

26

27     / / /

28     / / /

**<u>JURY TRIAL DEMAND</u>**

Plaintiff EEOC requests a jury trial on all questions of fact raised by its Complaint.

Respectfully submitted,

JAMES L. LEE
DEPUTY GENERAL COUNSEL

GWENDOLYN YOUNG REAMS
ASSOCIATE GENERAL COUNSEL

UNITED STATES EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
131 M Street, N.E.
Washington, DC 20507

Dated: 7/24/17                        */s/ Roberta L. Steele*
ROBERTA L. STEELE
Regional Attorney

Dated: 7/24/17                        */s/ Marcia L. Mitchell*
MARCIA L. MITCHELL
Supervisory Trial Attorney

Dated: 7/24/17                        */s/ Raymond T. Cheung*
RAYMOND T. CHEUNG
Senior Trial Attorney

UNITED STATES EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

San Francisco District Office