ROBERTA L. STEELE, SBN 188198 (CA)
MARCIA L. MITCHELL, SBN 18122 (WA)
RAYMOND T. CHEUNG, SBN 176086 (CA)
LINDA S. ORDONIO DIXON, SBN 172830 (CA)
SIRITHON THANASOMBAT, SBN 270201 (CA)
U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
San Francisco District Office
450 Golden Gate Avenue, 5th Floor West
P.O. Box 36025
San Francisco, CA 94102-3661
Telephone No. (415) 522-3070
Facsimile No. (415) 522-3425
Linda.Ordonio-Dixon@eeoc.gov

Attorneys for Plaintiff EEOC

(*Additional counsel listed on next page*.)

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>RASHON STURDIVANT,<br><br>Plaintiff-Intervenor,<br><br>vs.<br><br>R. MACARTHUR CORP., d/b/a HOME INSTEAD SENIOR CARE, RONALD MACARTHUR, an individual, RENEE MACARTHUR, an individual, and SAN OAK CARING HANDS, LLC, d/b/a HOME INSTEAD SENIOR CARE,<br><br>Defendants. | Case No.: 3:17-cv-04188-WHO<br><br>**CONSENT DECREE** |

STAN S. MALLISON (SBN 184191)
StanM@TheMMLawfirm.com
HECTOR R. MARTINEZ (SBN 206336)
HectorM@TheMMLawFirm.com
MARCO A. PALAU (SBN 242340)
MPalau@TheMMLawFirm.com
JOSEPH D. SUTTON (SBN 269951)
JSutton@TheMMLawFirm.com
ERIC S. TRABUCCO (SBN 295473)
ETrabucco@TheMMLawFirm.com
HILARY P. HAMMELL (SBN 291347)
HHammill@TheMMLawFirm.com
MALLISON & MARTINEZ
1939 Harrison Street, Suite 730
Oakland, California 94612Telephone: (510) 832-9999
Facsimile: (510) 832-1101

*Attorneys for Intervenor Sturdivant*

MAUREEN K. BOGUE (SBN 194755)
maureen@pacificemploymentlaw.com
SARA G. NOEL (SBN. 226764)
PACIFIC EMPLOYMENT LAW LLP
101 California Street, Suite 2300
San Francisco, CA 94111
Telephone No. (415) 985-7300
Fax No. (415) 985-7301

*Attorneys for Defendant R. MACARTHUR CORP., d/b/a HOME INSTEAD SENIOR CARE*

ELIZABETH H. MURPHY (SBN 174095)
Elizabeth.Murphy@jacksonlewis.com
JACKSON LEWIS P.C.
725 South Figueroa Street, Suite 2500
Los Angeles, California 90017-5408
Tel: (213) 689-0404
Fax: (213) 689-0430

*Attorneys for Defendant SAN OAK CARING HANDS, LLC, d/b/a HOME INSTEAD SENIOR CARE*

//

//

//

//

The United States Equal Employment Opportunity Commission (EEOC) brought this action under Title VII of the Civil Rights Act of 1964, as amended, and Title I of the Civil Rights Act of 1991 to correct alleged unlawful employment practices on the basis of sex, the intersection of sex and race (Black) and retaliation, and to provide appropriate relief to Charging Party Rashon Sturdivant and similarly situated current and former employees including Lakeshia Thomas, Gloria Fields, April Taylor, Julie Reimann-Villa and others who were also allegedly adversely affected by such practices. EEOC alleged that Defendant R. MACARTHUR CORP., d/b/a/ HOME INSTEAD SENIOR CARE (RMC), engaged in unlawful discrimination by:

a) subjecting Rashon Sturdivant, Lakeshia Thomas, Gloria Fields, April Taylor and Julie Reimann-Villa to sexual harassment in violation of Title VII;
b) subjecting a class of similarly situated current or former employees to sexual harassment in violation of Title VII;
c) subjecting Rashon Sturdivant, Lakeshia Thomas and Gloria Fields to harassment based on the intersection of their sex and race (Black) in violation of Title VII;
d) retaliating against Rashon Sturdivant in violation of Title VII because she engaged in protected oppositional activity by reporting sexual and racial harassment.

The EEOC alleges that Defendant SAN OAK CARING HANDS, LLC, d/b/a HOME INSTEAD SENIOR CARE (San Oak), is the successor to RMC. San Oak purchased RMC's Home Instead franchises by Purchase Agreement dated January 25, 2018, which became effective February 28, 2018. The EEOC alleges that San Oak continued the business operations of the former RMC franchises without disruption with San Oak retaining the majority of RMC's employees, clients and referral sources and employee handbook. The EEOC filed an Amended Complaint on August 16, 2018 to join San Oak San Oak based on successor liability.

In the interest of resolving this matter the EEOC, RMC and San Oak (Parties) have agreed that this lawsuit (Lawsuit) should be finally resolved by entry of this Consent Decree and without

further contested litigation.

The Court has reviewed this Consent Decree in light of the pleadings, the record herein, and the applicable law, and now approves this Consent Decree.

**THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED:**

## I. GENERAL PROVISIONS

This Court has jurisdiction over the subject matter and the Parties to this Lawsuit. This Court will retain jurisdiction over this Decree for all purposes until the expiration of RMC's and San Oak's obligations as set forth herein.

This Consent Decree comprises the full and final resolution of all claims pled in the Amended Complaint in this action and constitutes a complete resolution of EEOC Charge No. 550-2016-00365, including all claims of discrimination that were made by the EEOC in this lawsuit. This Consent Decree does not resolve any future charge or charges that may be pending with the EEOC.

RMC and San Oak will not condition the receipt of monetary relief on the agreement by Ms. Sturdivant, Ms. Thomas, Ms. Fields, Ms. Taylor and Ms. Reimann-Villa to: (a) maintain as confidential the facts and/or allegations underlying Ms. Sturdivant's charge and the Amended Complaint and the terms of this Decree; (b) waive their statutory rights to file a charge with any governmental agency; (c) refrain from reapplying for a job with San Oak or resign from a current position with San Oak; or (d) agree to a non-disparagement and/or confidentiality agreement.

No waiver, modification or amendment of any provision of this Consent Decree shall be effective unless made in writing and approved by the Parties to this Decree, and any substantive change, modification or amendment of any provision of this Consent Decree shall also require approval by the Court.

This Consent Decree is not an adjudication or a finding on the merits of this Lawsuit.

This Consent Decree is final and binding.

The Parties will each bear their own costs and attorney's fees in this action.

//

## II. GENERAL INJUNCTIVE RELIEF: NON-DISCRIMINATION

Defendant San Oak and its officers, agents, employees, and successors and assigns at the time that this Decree becomes effective, are enjoined from engaging in any of the following unlawful conduct: (a) subjecting any employee to sexual harassment; (b) subjecting any employee to harassment based on the intersection of their sex and race (Black); (c) ignoring and failing to remedy client conduct that subjects any employee to harassment or discrimination; and (d) retaliating against any person because he or she opposes or opposed harassing or discriminatory practices made unlawful by Title VII. Defendant San Oak will provide prior written notice to any potential purchaser of San Oak's businesses, or a purchaser of all or a portion of San Oak's assets, and to any other potential successor, of the existence and contents of this Consent Decree.

## III. SPECIFIC INJUNCTIVE RELIEF

### A. POLICIES AND PROCEDURES

Within ninety (90) days of entry of this Consent Decree, San Oak shall develop and implement written policies and procedures as described below. These policies and procedures shall be provided to the EEOC for review and comment no later than thirty (30) days prior to implementation. Within fourteen (14) days of receipt, the EEOC will advise San Oak in writing of any needed changes. San Oak will thereafter incorporate the policies and procedures into an employee handbook.

**1. EEO Policies.** San Oak shall develop and implement written policies and procedures prohibiting harassment, discrimination based on sex and the intersection of sex and race (Black) and retaliation for complaining about, reporting or otherwise opposing such harassment and discrimination. The policies and procedures shall provide that harassment and discrimination of employees by San Oak's clients will not be tolerated. The policies and procedures shall permit employees to take protected leave to obtain counseling or medical attention they need to address physical or psychological injury resulting from sexual assault by clients. The policies and procedures shall include specific examples of harassment and discrimination by clients. The policies and procedures shall further state that they have been promulgated at the direction of and endorsement by the owner of the company.

In addition, San Oak shall revise its policies providing guidance or directives regarding caregiver interactions with clients to ensure that they clearly inform employees that they are not required to tolerate discriminatory harassment as a condition of their employment.

**2. Complaint Procedures.** San Oak shall develop and implement employee complaint procedures to ensure convenient access to points of contact and require a timely response by the company. The procedures shall: (a) identify multiple points of contact through which employees can lodge complaints, including contact information for officials who will be available during night-shift hours to field and address complaints of discrimination, particularly sex and race harassment; (b) allow complaints also to be made to any supervisory or managerial employee and any member of San Oak's office staff with human resources responsibilities; (c) allow complaints to be submitted verbally, without requiring a written statement, and anonymously; and (d) state that the confidentiality of complainants will be maintained to the extent feasible. The procedures shall also include a statement from the owner of San Oak strongly encouraging employees to come forward with complaints of harassment and discrimination, including by clients, and reiterating the prohibition against retaliation.

**3. Investigation Procedures.** San Oak shall develop and implement an investigation procedure to ensure fair and competent investigations of complaints of harassment and discrimination, including by clients, and retaliation. The procedures shall, at a minimum, include requirements that: (a) San Oak will begin the investigation of a complaint no later than two (2) business days after the receipt of a complaint and use best efforts to complete it within fifteen (15) business days; (b) appropriate remedial action will be taken upon conclusion of the investigation; (c) the findings and corrective action be memorialized in a written report including, at a minimum, the allegations of the complaint, the identities of all named witnesses, all witness statements, a summary of documentary evidence, an explanation of investigative findings and a description of any corrective action taken; and, (d) San Oak will communicate to the complainant within five (5) business days of the conclusion of the investigation that a thorough investigation was conducted and completed and that appropriate disciplinary action was taken.

//

**4. Supervisor Accountability.** San Oak shall modify its existing performance standards such that supervisors and managers shall be evaluated based upon (i) their compliance with San Oak's EEO policies and procedures, (ii) their contribution to San Oak's goal to achieve a workplace that is free from harassment and discrimination, including by clients, and retaliation; and (iii) their response(s) to any complaints of client harassment, discrimination and/or retaliation. Supervisors and managers will be notified that their violations of San Oak's antidiscrimination policies shall result in appropriate discipline up to and including termination. In addition, supervisors shall be informed of their obligation to report any complaint for investigation, prevent and correct any harassment or discrimination they observe in the workplace, including by clients, or after receiving notice of harassment or discrimination, and shall be warned that a failure to take action may also result in disciplinary action. San Oak will use the above-referenced performance evaluation throughout the duration of this Decree.

**5. Policy Dissemination.** San Oak shall disseminate within ninety (90) days of entry of this Decree all policies developed pursuant to this paragraphs A(1) through A(4) of this Consent Decree to all current employees, who shall sign an acknowledgement of receipt. New employees shall be provided copies of all policies within five (5) days of hire and shall sign an acknowledgement of receipt. These acknowledgements shall be maintained by San Oak for the duration of this Decree.

**6. Future Policy Modifications.** In the event that San Oak modifies any of the policies listed in paragraphs A(1) through A(4), above during the duration of the Decree, it shall submit to the EEOC for its review and consideration the proposed modifications no later than thirty (30) days before adoption. EEOC will notify San Oak within fourteen (14) days of receipt of the proposed modifications if it has any concerns about the proposed modifications. EEOC agrees to review the proposed modifications in good faith.

**B. JOB REFERENCES AND FILE EXPUNGEMENT**

RMC and San Oak shall purge from all of its personnel records all references to Rashon Strudivant's EEOC charge, the instant litigation, and any disciplinary action taken by RMC against Ms. Sturdivant, Ms. Thomas, Ms. Fields, Ms. Taylor and Ms. Reimann-Villa during their

employment. RMC and San Oak shall certify within thirty (30) days of entry of this Decree that these changes to its records regarding Ms. Sturdivant have been made. RMC and San Oak shall, pursuant to their standard business practices, respond to requests for job references for Ms. Sturdivant, Ms. Thomas, Ms. Fields, Ms. Taylor and Ms. Reimann-Villa by providing the dates of employment, position(s) held and pay rate(s).

**C. TRAINING**

Within one hundred and twenty (120) days of entry of this Consent Decree, San Oak will provide in person training to all employees to ensure that they understand their rights and responsibilities under laws prohibiting harassment, discrimination and retaliation in the workplace, as well as San Oak's policies and procedures. Thereafter, new employees shall receive this training within thirty (30) days of hire. The training shall include specific instruction about San Oak's procedures and policies developed under this Consent Decree and will include sample scenarios explicitly related to harassment based on sex and the intersection of sex and race (Black) by clients, discrimination and retaliation. The training shall also include information about San Oak's prohibition against retaliation, the different avenues by which a complaint may be submitted, and contact information for the EEOC. The training shall include respectful workplace training to educate employees about conduct that is unacceptable in the workplace, including client behavior, which, if left unchecked, may rise to the level of harassment. The training shall also include bystander intervention training that will emphasize the responsibility of a co-worker who observes workplace harassment to report it to management. The training shall include information regarding how caregivers should handle incidents of client conduct that are inappropriate, offensive, harassing or discriminatory. San Oak shall ensure that the training is developed and administered by instructors with expertise in anti-harassment and anti-discrimination matters, including client conduct that violates the law. The duration of this training should be no less than two (2) hours. San Oak shall also create an internal caregiver support group to allow caregiver employees to have an internal network to discuss workplace concerns and problems. San Oak will offer an in-person or conference-call style support groups for caregivers who express interest in participating in a support group.

Employees with supervisory and/or human resources responsibilities shall receive additional in person training regarding San Oak's policies and practices (including supervisor performance standards) related to harassment and discrimination, including by clients, and complaint investigations. The training further will inform each participant that he or she is responsible for knowing and complying with the contents of San Oak's harassment, discrimination and complaint policies and investigation procedures. The duration of this training should be no less than two (2) hours. Thereafter, and continuing during the duration of this Consent Decree, San Oak shall conduct annual two (2) hour trainings for all supervisory and those with human resources responsibilities on the same subject matter.

Within ninety (90) days of the entry of this Decree, employees designated by San Oak to investigate complaints shall receive specialized, in person training about how to conduct competent and unbiased investigations of harassment and discrimination, including by clients, and retaliation. The duration of this training shall be no less than four (4) hours.

San Oak shall ensure that participants sign attendance sheets to certify participation in all training.

All training shall be conducted by a third-party with experience conducting training regarding harassment and discrimination, including by clients and retaliation. San Oak shall retain Elizabeth H. Murphy of Jackson Lewis to be the trainer and/or curriculum consultant for the initial training within thirty (30) days of the entry of the Decree. The EEOC does not object to the retention of Ms. Murphy. If Ms. Murphy is unable to serve in this capacity for any reason, San Oak shall identify another proposed trainer and/or curriculum consultant within thirty (30) day of Ms. Murphy's incapacity. The EEOC will raise any objections to the proposed trainer/consultant within fifteen (15) days. Thereafter, for all subsequent training sessions, San Oak shall provide the EEOC with copies of all training materials no later than thirty (30) days prior to use. The EEOC will advise San Oak of any objections or comments to proposed training materials within fifteen (15) days. All costs of training shall be borne by San Oak.

//

**D. CONSULTANT**

San Oak shall engage, throughout the duration of this Decree, Elizabeth H. Murphy of Jackson Lewis as a third-party consultant to monitor and/or assist San Oak's implementation of the policies and procedures discussed herein, and its responses to complaints of sex and race harassment, discrimination and retaliation. The EEOC does not object to the retention of Ms. Murphy. If Ms. Murphy is unable to serve in this capacity for any reason, San Oak shall within thirty (30) day of Ms. Murphy's incapacity identify another consultant with commensurate expertise. The EEOC will raise any objections to the proposed consultant within fifteen (15) days. The consultant will review San Oak's responses to complaints of harassment, discrimination, and retaliation including investigations conducted, and provide corrective instruction and/or feedback to San Oak's investigators. The consultant shall review the investigative file, may interview the investigator if additional information is needed, and request to sit in on witness interviews if needed to coach the investigator. The consultant shall also provide guidance about determining any corrective action to be taken as a result of a complaint of harassment and discrimination, including by clients, or retaliation. The consultant shall provide quarterly reports over the term of this Consent Decree to San Oak and the EEOC regarding the internal complaint investigations.

**E. POSTING**

The Notice of the Consent Decree, attached hereto as Exhibit A, shall be posted within sixty (60) days of entry of this Decree, and shall remain posted on the bulletin boards located in employee areas board or other similar conspicuous location at San Oak's office for the duration of the Decree.

**F. REPORTING**

Semi-annually on the anniversary of the entry of the Consent Decree, San Oak shall make the following reports:

1. For each six month period after the entry of the decree, San Oak shall provide the following information for any employee who has made a complaint regarding discrimination or harassment based on sex or the intersection of sex and race (Black), including by clients, and/or retaliation.

a. The initials of the complainant and/or victim.

b. Name, home address, home and cell phone numbers and email address of the complainant and/or victim will be provided to the EEOC on written request.

c. A summary of each complaint, including the identification of the titles of the individuals involved, the particulars of the complaint, a summary of the investigation, the company's determination, and any corrective action taken. The names of the individuals involved will be provided to the EEOC upon written request.

d. Name(s) and title of individual(s) who received, investigated and or otherwise addressed and or took action based on the complaint.

2. For each reporting time period, San Oak shall verify and confirm by declaration that the posting requirements described in section III.E., above, have been met.

3. For each reporting time period, San Oak shall verify and confirm by declaration that the training requirements described in section III.B. have been met. The declaration shall attach the sign-in sheets for each training session conducted that year.

4. All foregoing reports and declarations shall be submitted to the EEOC's counsel of record, Linda Ordonio-Dixon at 450 Golden Gate Ave., 5th Floor West, PO Box 36025, San Francisco, CA 94102-3661 or linda.ordonio-dixon@eeoc.gov.

**G. MONETARY RELIEF**

In settlement of this lawsuit, RMC shall pay the total amount of Three Hundred Forty Thousand Dollars ($340,000.00) within fifteen (15) days of the entry of this Consent Decree by the Court as indicated below.

A check, representing backpay, shall be made payable to Rashon Sturdivant in the amount of Fifteen Thousand Dollars ($15,000.00), less any deductions for the employee's portion of FICA and applicable federal, state and local tax withholdings. Ms. Sturdivant shall provide RMC with an updated Form W-4 within five (5) days of the entry of this Decree. A separate check, representing compensatory damages, shall be made payable to Ms. Sturdivant in the amount of Eighty-Three Thousand One Hundred and Sixty Six Dollars and Forty Six Cents ($83,166.46) and shall be

designated as “other income” on IRS Form 1099. Ms. Sturdivant shall provide RMC with an updated Form W-9 within five (5) days of the entry of this Decree. The checks payable to Ms. Sturdivant shall be delivered to her by means of certified mail, return receipt requested to Mallison & Martinez at 1939 Harrison Street, Suite 730, Oakland, CA 94612.

A check in the amount of Eighty-One Thousand Eight Hundred and Thirty Three Dollars and Fifty Four Cents ($81, 833.54) as attorney fees and costs payable to Mallison & Martinez. The firm shall provide RMC with its tax identification number and a Form W-9 within five (5) days of the entry of this Decree. RMC will issue Mallison & Martinez an IRS Form 1099 for this payment. The check shall be delivered to Mallison & Martinez by means of certified mail, return receipt requested.

A check payable to Lakeshia Thomas in the amount of Forty-Three Thousand Three Hundred Thirty Dollars ($43,330.00) representing compensatory damages which shall be designated as “other income” on IRS Form 1099. Ms. Thomas shall provide RMC with an updated Form W-9 within five (5) days of the entry of this Decree. The check payable to Ms. Thomas shall be delivered to her by means of certified mail, return receipt requested at the address provided by EEOC.

A check payable to Gloria Fields in the amount of Forty Thousand Dollars ($40,000.00) representing compensatory damages which shall be designated as “other income” on IRS Form 1099. Ms. Thomas shall provide RMC with an updated Form W-9 within five (5) days of the entry of this Decree. The check payable to Ms. Thomas shall be delivered to her by means of certified mail, return receipt requested at the address provided by EEOC.

A check payable to April Taylor in the amount of Forty-One Thousand Six Hundred Seventy Dollars ($41,670.00) representing compensatory damages which shall be designated as “other income” on IRS Form 1099. Ms. Taylor shall provide RMC with an updated Form W-9 within five (5) days of the entry of this Decree. The check payable to Ms. Taylor shall be delivered to her by means of certified mail, return receipt requested at the address provided by EEOC.

A check payable to Julie Reiman-Villa in the amount of Thirty-Five Thousand Dollars ($35,000.00) representing compensatory damages which shall be designated as “other income” on IRS Form 1099. Ms. Reimann-Villa shall provide RMC with an updated Form W-9 within five (5)

days of the entry of this Decree. The check payable to Ms. Reimann-Villa shall be delivered to her by means of certified mail, return receipt requested at the address provided by EEOC.

RMS shall submit copies of the checks within fifteen (15) days of mailing them to Ms. Sturdivant, Ms. Thomas, Ms. Fields, Ms. Taylor and Ms. Reimann-Villa to EEOC's counsel of record, Linda Ordonio-Dixon at 450 Golden Gate Ave., 5th Floor West, PO Box 36025, San Francisco, CA 94102-3661 or linda.ordonio-dixon@eeoc.gov.

## IV. RETENTION OF JURISDICTION AND EXPIRATION OF CONSENT DECREE

This Consent Decree shall terminate five (5) years from the date of entry by the Court, unless the EEOC petitions this Court for an extension of the Decree because of non-compliance by either or both RMC and San Oak. If the EEOC determines that either RMC or San Oak have not complied with the Consent Decree, the EEOC will provide written notification of the alleged breach. San Oak and/or RMC will have fourteen (14) days from receipt of such written notification to respond to the EEOC in writing. The parties will have thirty (30) days thereafter to engage in good faith efforts to resolve the issue. If the parties are not able to resolve the issue despite good faith efforts, they will seek the assistance of Marisa Ratinoff of Ratinoff Dispute Resolution, whose fees shall be paid by San Oak. If Ms. Ratinoff is unable to serve, the parties will identify and agree upon another qualified mediator. If the parties are unable to resolve the dispute with the assistance of Ms. Ratinoff after thirty (30) days, the EEOC may petition the Court for relief. If the Court finds RMC and/or San Oak to be in substantial violation of the terms of the Decree, the Court may extend this Consent Decree as to RMC, San Oak or both.

Except for the Court's retention of jurisdiction solely to enforce this Consent Decree as provided in the preceding paragraph for five (5) years after the entry of this Consent Decree, this lawsuit will be dismissed with prejudice effective upon the Court's approval of this Consent Decree, and the parties will execute a stipulated dismissal with prejudice to that effect.

RMC and San Oak will be deemed to have complied substantially if the Court has not made any findings or orders during the term of the Decree that either RMC or San Oak or both of them have failed to comply with any of the terms of this Decree. This Consent Decree will automatically expire without further Court Order.

Respectfully submitted,

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

Dated: November 14, 2018

By: _/s/Roberta L. Steele__________________
Roberta L. Steele
Attorney for Plaintiff EEOC

PACIFIC EMPLOYMENT LAW LLP

Dated: November 14, 2018

By: _/s/Maureen K. Bogue________________
Maureen K. Bogue
Attorney for Defendant R. MacArthur Corp.

Dated: November 14, 2018

By: _/s/Elizabeth H. Murphy_______________
Elizabeth H. Murphy
Attorney for Defendant San Oak Caring Hands

IT IS SO ORDERED:

Dated: November 19, 2018

_______________________________________
HON. WILLIAM H. ORRICK
United States District Court Judge

## NOTICE TO ALL EMPLOYEES

The franchise owner prior to San Oak, R. MACARTHUR CORP., was sued by a federal agency called the Equal Employment Opportunity Commission or EEOC. The title of the lawsuit is: EEOC v. R. MACARTHUR CORP., d/b/a HOME INSTEAD SENIOR CARE, Case No. 17-cv-04188-WHO. The lawsuit was filed at the San Francisco Federal Courthouse. This notice is being posted by order of the Court to settle the lawsuit.

In the lawsuit, the EEOC claimed that MACARTHUR CORP. workers employed as in home caregivers were subjected to harassment on the basis of sex and the intersection of sex and race (Black) by clients and that MACARTHUR CORP. knew about the harassment of employees and did not stop it. The EEOC also alleged that MACARTHUR CORP. retaliated against an employee who complained about harassment. In response to the EEOC's claims, MACARTHUR CORP. said that they did not do anything unlawful.

The Judge's Order requires San Oak as the new owner of the business franchise(s) to institute policies and procedures to stop harassment by clients and to prevent retaliation against employees that complain. San Oak will also train supervisors and managers to make sure there is no unfair treatment in the workplace.

If you have any questions or complaints of discrimination, you can follow the complaint process in your handbook, or you can contact the EEOC. The EEOC is the federal agency that protects employees from sexual harassment, retaliation or unfair treatment because of disability. Talking to the EEOC is free and the agency has employees that speak different languages including English, ASL, Spanish and many other languages.

For information about the EEOC, including the location nearest to you can contact:

Website: www.eeoc.gov
Phone number: (415) 522-3070
TDD: (515) 625-5610
Email: info@ask.eeoc.gov

An office of the EEOC is located in the San Francisco Federal Building at:

450 Golden Gate Avenue
5th Floor West
San Francisco, CA 94102

**THIS POSTING IS AN OFFICIAL NOTICE AND BY ORDER OF THE COURT MUST NOT BE DEFACED OR OBSCURED**